### BRIGHT STAR FOUNDATION, INC.
v.
### Ellis CAMPBELL, Jr., District Director, Internal Revenue Service, United States Treasury Department.
#### Civ. No. 8406.

United States District Court
N. D. Texas,
Dallas Division.
Nov. 25, 1960.

846

Robert B. Payne, Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., for plaintiff.

W. B. West, III, U. S. Atty., Fort Worth, Tex., W. E. Smith, Asst. U. S. Atty., Dallas, Tex., for the Government.

DAVIDSON, District Judge.

This is a suit for a refund of income taxes in the amount of $11,556.50 with interest.

The taxpayer insists that it was organized exclusively for charitable and benevolent purposes under Section 501 (c) (3) and alternatively as a holding corporation under Section 501(c) (2) of the 1954 Internal Revenue Code, 26 U.S. C.A. § 501(c) (2).

Very briefly, the facts show that the Bright Star Foundation was organized on March 24, 1954, its charter stating that it was formed for the purpose of supporting and contributing to religious, charitable, literary, scientific and education causes or other similar organizations. It is undisputed that the income of the corporation did not go to the benefit of any individual, and that it all was distributed to an exempt organization, the Sloan-Kettering Institute for Cancer Research, except for those amounts necessary to pay taxes, retire the Foundation's debts and pay necessary expenses.

The Foundation purchased fourteen oil and gas production payments which provided for a primary payment together with a secondary payment equivalent to a stated percentage of the primary payment. These purchases were financed by borrowing money from the banks equal to the amount of the primary payment at a very low interest rate, less than the amount of the secondary payment. The difference between the amount of the secondary payment and the interest constituted the income of the corporation.

The taxpayer filed a request for exemption from taxation which was denied by the Treasury Department.

The Foundation was organized by some wealthy outstanding citizens of Dallas, some of them engaged in the banking business. The business was organized and operated exclusively for religious and charitable purposes.

The Government takes the position that the plaintiff Foundation was a feeder corporation and was a business operated for profit and not exempt from taxation.

The determinative question in the case is what was the purpose in the organization and operation of the corporation? Was it exclusively charitable, exclusively to hold title to property, or primarily to carry on a trade or business?

The stipulated evidence points unequivocally to a charitable purpose in the organization and operation of Bright Star Foundation. If any substantial evidence exists which conflicts with that conclusion the government has failed to bring it forward.

The government emphasizes the fact that the corporation purchased fourteen production payments during the period of time in question. Because a profit was made on these transactions, the government reasons that this conclusively demonstrates the purpose of the operation and organization was to carry on a business. By so doing the government fails to discriminate between the Foundation's *purpose* and its *source of income*.

The case of Southwest Endowment Corp. v. United States, 58–2 U.S.T.C. (CCH), par. 9577 (U.S.Dist.Ct., W.D. Tex.1958) is squarely on point. There a similarly organized and operated corporation purchased five production payments during the fiscal year ending July 31, 1953. The Commissioner of Internal Revenue denied the corporation exempt status asserting that it was a feeder organization. The corporation paid the tax and then sued for a refund. Judge Rice held that the corporation was exempt.

We think, too, that Bright Star Foundation is exempt from the corporate income tax under the provisions of Section 501(c) (3).